2010R00809/LSH/ja

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>COURTNEY P. SHORTER,<br><br>Defendant. | Hon. William H. Walls<br><br>Criminal No. 15- 172<br><br>CONSENT JUDGMENT AND<br>ORDER OF FORFEITURE<br>(MONEY JUDGMENT) |

**WHEREAS**, on April 15, 2015, a one-count Information was filed against defendant Courtney P. Shorter (the "Defendant"), charging him with one count of mail fraud, in violation of 18 U.S.C. § 1341; and

**WHEREAS**, on April 15, 2015, the Defendant pled guilty to the Information charging him with one count of mail fraud, in violation of 18 U.S.C. § 1341; and

**WHEREAS,** pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense in violation of 18 U.S.C. § 1341 as alleged in the Information, shall forfeit to the United States all property, real or personal, derived from the proceeds traceable to the violation of 18 U.S.C. § 1341; and

**WHEREAS**, the property subject to forfeiture by the Defendant consists of a sum of money equal to $3,039,840, representing the property involved in the offense charged in the Information; and;

**WHEREAS** if, by any act or omission of the Defendant, any property subject to forfeiture:

1

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred or sold to, or deposited with, a third party;

    (C)    has been placed beyond the jurisdiction of the court;

    (D)    has been substantially diminished in value; or

    (E)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and

**WHEREAS** Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

**WHEREAS** Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the Defendant consents; and

**WHEREAS** the Defendant:

(1)    Consents to the forfeiture to the United States of $3,039,840 representing the property involved in the offense charged in the Information, to which the Defendant has pleaded guilty; and

(2)    Consents to the imposition of a money judgment in the amount of $3,039,840 (the "Money Judgment") pursuant to 21 U.S.C. § 853, and agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure; and

2

(3) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment; and

(4) Waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction; and

(5) Acknowledges that the Defendant understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(6) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment; and

**WHEREAS** good and sufficient cause has been shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED**:

**THAT**, as a result of the offense to which the Defendant has pleaded guilty, the Defendant shall forfeit to the United States the sum of $3,039,840, and a money judgment in the amount of $3,039,840 (the "Money Judgment") is

3

therefore hereby entered against the Defendant pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and it is further

**ORDERED** that, the Defendant having given his consent pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, upon entry of this Consent Judgment and Order of Forfeiture, this Order is final as to the Defendant, shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction; and it is further

**ORDERED** that all payments on the Money Judgment shall be made by postal money order or bank or certified check, made payable to the United States Marshal Service and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the Defendant's name and case number; and it is further

**ORDERED** that upon execution of this Consent Judgment and Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshal Service shall be authorized to deposit the payments on the Money Judgment into the Department of Justice Asset Forfeiture Fund, and the United States shall have clear title to such forfeited property; and it is further

**ORDERED** that, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas; and it is further

**ORDERED** that this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 15 day of April, 2015.

_____
Honorable William H. Walls
United States District Judge

The undersigned hereby consent to the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

By: LAKSHMI SRINIVASAN HERMAN
Assistant United States Attorney

Dated: 4/15/2015

RANDY P. DAVENPORT, ESQ.
Attorney for Defendant Courtney P. Shorter

Dated: April 15, 2015

STEVEN BRISTER, ESQ.
Attorney for Defendant Courtney P. Shorter

Dated: April 15, 2015

Defendant Courtney P. Shorter

Dated: April 15, 2015